UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANDON G. ADAMS, | Case No. 2:23-cv-00446-JAD-EJY |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | Re: ECF Nos. 1-1, 3 |
| T. ROUSH-WALLACE, *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff's civil rights Complaint and *in forma pauperis* application. ECF Nos. 1-1, 3. Because the Court recommends dismissal of Plaintiff's Complaint in its entirety, the Court also recommends denying Plaintiff's *in forma pauperis* application as moot.

**I.     SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

All or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   DISCUSSION

Plaintiff's Complaint lists T-Roush Wallace and K. Ferris as Defendants, each identified as an employee of the Clerk's Office for the United States District Court for the District of Nevada. ECF No. 1-1 at 2. Claims against these named defendants fail as a matter of law because the Clerk's Office employees are immune from suit when acting within the scope of their duties. *Polk v. Du*, Case No. 3:15-cv-0488-RCJ-WGC, 2016 WL 1725974, at *5 (D. Nev. Mar. 4, 2016), *citing Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (internal citations omitted) ("The clerk of court and deputy clerks are the officials through whom … filing is done. Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction."). Plaintiff asserts no facts demonstrating either named defendant was acting in the absence of all jurisdiction. Indeed, Plaintiff's Complaint is comprised of attachments that are generally indecipherable gibberish. ECF No. 1-1.[1]

## III.   RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 3) be DENIED without prejudice.

DATED this 1st day of May, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1] *See also* ECF Nos. 1-2 through 1-10.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).